UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARIEL BUENO VALDES,

Petitioner,

v. Case No. 3:26-cv-1120-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

**I. Status**

Petitioner Ariel Bueno Valdes, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on May 4, 2026. Valdes, a citizen of Cuba, entered the United States at an unknown time. Doc. 6-1 at 3. On July 11, 2011, an immigration judge ordered Valdes removed to Cuba. Id. On November 13, 2000, Valdes was convicted in state court of sexual battery on a minor and sentenced to a twenty-five-year term of imprisonment. Id. After serving his sentence, on October 16, 2024, Valdes reported to United States Immigration and Customs Enforcement (ICE); ICE released Valdes on an Order of Supervision (OSUP). Id. On October 23, 2025, ICE revoked Valdes's OSUP and detained him. Docs. 6-3 at 1; 6-4 at 1.

Respondent Warden filed a Motion to Dismiss (Doc. 7), arguing he is not the proper respondent. The Federal Respondents filed a Response (Doc. 6). Valdes filed Replies (Docs. 8; 9). This case is ripe for review.

## II. Analysis

In his Petition, Valdes argues, inter alia, that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because he has been detained beyond the presumptively reasonable removal period and there is no significant likelihood of removal in the reasonably foreseeable future. Doc. 1 at 6. Following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 543–44 (2021) ("And § 1231 explains what to do if the alien is ordered removed."); see also Deshati v. Noem, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025)[1] ("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). Pursuant to 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2).

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Nevertheless, in Zadvydas, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. The government may detain an alien beyond the statutory removal period if he is, among other things, a criminal alien or the Attorney General has determined the alien is a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The Supreme Court in Zadvydas held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. at 1052 (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is a significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701.

Here, there is no dispute that when Valdes filed this case, he had been in ICE custody for over six months following his order of removal. See Response at 4 ("Federal Respondent's [sic] concede that more than 6 months have elapsed since Bueno Valdes' detention began."). Therefore, the Court proceeds with Zadvydas's burden-shifting analysis. Valdes has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Valdes has now been detained for nearly ten months, but, as he points out, ICE has yet to remove him. Thus, the burden shifts to the Federal Respondents.

The Court finds that the Federal Respondents have not submitted evidence sufficient to rebut Valdes's showing that there is no significant likelihood of removal in the reasonably foreseeable future. Indeed, the Federal Respondents do not provide evidence, let alone argue, that there is a significant likelihood of removal in the reasonably foreseeable future. And the Court's independent review of the documents attached to the Response do not reveal evidence of a significant likelihood of removal in the reasonably foreseeable

future. Moreover, the Federal Respondents do not contend that Valdes is a risk to the community or unlikely to comply with the order of removal. Therefore, Valdes is entitled to release from detention under Zadvydas.

Accordingly, it is **ORDERED**:

1. Valdes's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**. Respondents shall release Valdes **within 24 hours** of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected. Valdes shall be subject to his preexisting OSUP.

2. Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of August, 2026.

Marcia Morales Howard

MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/4
c: Counsel of record